Filed 8/14/25  P. v. Dang CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THANH TOAN DANG,<br><br>    Defendant and Appellant. | H052934<br>(Santa Clara County<br>Super. Ct. No. C1094291) |

Defendant Thanh Toan Dang appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  Dang's appointed counsel asks that we independently review the record under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Dang has filed a supplemental brief on his own behalf, asserting that his petition should not have been denied at the prima facie stage.

We conclude the trial court did not err in denying Dang's section 1172.6 petition.  We have independently reviewed the entire record for unraised issues in accordance with *Delgadillo*, *supra*, 14 Cal.5th 216, and we see no claims having any arguable merit.  We will affirm the order denying Dang's petition.

---

[1] Unspecified statutory references are to the Penal Code.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. *Facts of the Offenses*[2]

The facts of the offenses are largely irrelevant to our analysis. Briefly, as stated in this court's opinion in Dang's initial appeal from the judgment at trial, the charges in this case arose from a shooting at a restaurant. The victim was shot in the leg and back. The victim identified Dang as the shooter in a photographic lineup and at a preliminary examination. At trial, Dang primarily contested the issue of identity.

## B. *Procedural Background*

A jury convicted Dang in 2012 of willful, deliberate, and premeditated attempted murder (§§ 187, 664, subd. (a)) and assault with a semiautomatic firearm (§ 245, subd. (b)). The jury found that Dang personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)) in committing the attempted murder, and that he personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)) in the assault with a semiautomatic firearm. The trial court found true allegations that Dang had previously been convicted of a prior serious felony (§ 667, subd. (a)) and a prior strike (§§ 667.5, subds. (b)-(i), 1170.12). The trial court sentenced Dang to an aggregate term of 30 years to life.

In the initial appeal from the judgment, this court found no errors that required reversal of Dang's convictions but we reversed the judgment and remanded the matter for resentencing because the sentence was unauthorized in several respects. (*People v. Dang* (July 30, 2014, H038871) [nonpub. opn.].) On remand, the trial court imposed a sentence

---

[2] This factual summary is taken from this court's opinion in Dang's initial appeal from the judgment at trial, which is contained in the appellate record in this case. This brief factual summary is offered to provide general background regarding this matter, not to resolve any contested factual issues. (See *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238 [factual summary in a prior appellate opinion cannot establish ineligibility for section 1172.6 relief at the prima facie stage].)

of 39 years to life consecutive to a five-year determinate term, and this court then affirmed the judgment. (*People v. Dang* (May 9, 2016, H042807) [nonpub. opn.].)

Dang filed a petition for resentencing under former section 1170.95 (now section 1172.6) in 2022. After taking judicial notice of several documents from Dang's case, the trial court denied the petition, finding Dang failed to make a prima facie case for relief. On appeal from the trial court's denial of the petition, Dang's appointed counsel filed a brief pursuant to *Delgadillo* that did not raise any issues. This court affirmed the order denying the petition, concluding that: (1) Dang's petition challenged the sufficiency of the evidence supporting his conviction for attempted murder, an issue not properly raised in section 1172.6 proceedings; (2) the jury was instructed that to find Dang guilty of attempted murder it had to find that he intended to kill the victim; and (3) the jury was not instructed regarding the natural and probable consequences doctrine. (*People v. Dang* (Oct. 5, 2023, H050181) [nonpub. opn.].)

Dang then filed a second section 1172.6 petition in November 2024. He contended that he was not the person who shot the victim, citing evidence presented at trial. The trial court denied Dang's petition in a written order, stating: "Petitioner is not entitled to file another section 1172.6 petition absent a change in the relevant law or facts. Here, Petitioner alleges no such change."

Dang timely filed a notice of appeal. After Dang's counsel submitted a brief pursuant to *Delgadillo* stating the case and facts but raising no issues, we notified Dang of his right to submit written argument on his own behalf within 30 days. Dang filed a supplemental brief on his own behalf asserting that his section 1172.6 petition should not have been denied at the prima facie stage, again citing evidence from his trial to assert he was not the person who shot the victim.

## II. DISCUSSION

In his supplemental brief, Dang asserts that he was not the person who shot the victim, citing testimony and other evidence from his trial. He asserts that he merely

3

participated in the fight leading to the victim being shot, and he asserts that evidence pointing to him being the shooter is not sufficient to convict him of attempted murder under current law.

## A. *Penal Code Section 1172.6*

"Senate Bill [No.] 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869 (*Wilson*).) As codified in section 1172.6, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) "created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.]" (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended what is now section 1172.6 to provide that a person convicted of "attempted murder under the natural and probable consequences doctrine" is eligible for relief. (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

"Under section 1172.6, the process begins with the filing of a petition declaring that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189' made by Senate Bill 1437. [Citation.] The trial court then reviews the petition to determine whether a prima facie showing has been made that the petitioner is entitled to relief. [Citation.] 'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citation.]' [Citation.] Otherwise, the court must issue an order to show cause [citation] and hold an evidentiary hearing . . . ." (*Wilson*, *supra*, 14 Cal.5th at p. 869.) "While the trial court may look at the record of conviction after the appointment

4

of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) At this stage of the proceedings, the court " 'should not reject the petitioner's factual allegations without first conducting an evidentiary hearing.' [Citations.]" (*Ibid.*) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citations.]" (*Ibid.*)

To petition for relief, a section 1172.6 petition must allege "[t]he petitioner could not presently be convicted of murder or attempted murder *because of* changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3), italics added.) "[T]he purpose of proceedings under section [1172.6] is to decide 'issues not previously determined, not to [retry] . . . disputes that have already been resolved.' [Citation.]" (*People v. Flint* (2022) 75 Cal.App.5th 607, 615.) "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding. . . . The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' [Citation.]" (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

"We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage. [Citation.]" (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

**B. The Trial Court Properly Denied the Petition**

In Dang's second section 1172.6 petition, he did not assert that he could not presently be convicted of attempted murder "because of" recent changes to California

5

murder law. (§ 1172.6, subd. (a)(3).) Instead, he cited evidence presented at trial to assert that he was not the person who shot the victim. However, the jury that heard this evidence convicted Dang of attempted murder and found he personally and intentionally discharged a firearm despite his claims that he was not the shooter. The jury thus necessarily rejected the arguments Dang raised in his second petition and now on appeal.

The record of conviction conclusively establishes Dang was found to be the person who shot the victim. "[W]ith respect to attempted murder, section 1172.6 affords relief only to a person convicted under the natural and probable consequences doctrine. [Citation.]" (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 276.) As this court's opinion following the denial of Dang's first section 1172.6 petition noted, Dang's jury was not instructed regarding the natural and probable consequences doctrine. In addition, Dang's jury was instructed that it had to find Dang "intended to kill" the victim to find him guilty of attempted murder. Dang does not specify how any changes to section 188 or 189 affect his culpability for attempted murder. Dang seeks to relitigate matters already decided at trial, particularly that he was the person who shot the victim. Section 1172.6 proceedings do not permit a person to retry disputes that have already been resolved concerning the sufficiency of the evidence.

Thus, the trial court properly denied Dang's second petition without issuing an order to show cause. We have independently reviewed the entire record for unraised issues in accordance with *Delgadillo*, *supra*, 14 Cal.5th at pages 231-232, and we see no other claims having any arguable merit.[3]

---

[3] The trial court denied Dang's second section 1172.6 petition because it concluded that a person may not file multiple section 1172.6 petitions absent a change in the relevant law or facts. The trial court did not specifically analyze the merits of Dang's petition. Because we conclude that the jury's verdicts demonstrate Dang's ineligibility for section 1172.6 relief and because Dang does not substantively assert he is entitled to relief because of changes to section 188 or 189, we need not address whether a trial court may deny a section 1172.6 petition on the ground that multiple petitions have been filed

## III. DISPOSITION

The trial court's order denying Dang's petition for relief under Penal Code section 1172.6 is affirmed.

---

without alleging an intervening change in the facts or law.  We review the trial court's order denying the petition de novo and we must affirm the trial court's ruling even if it rested on different considerations than those we find dispositive in this appeal.  (*People v. Turner* (2020) 10 Cal.5th 786, 807 ["Our task is to review the trial court's *ruling*, not its reasoning."])

_____

Greenwood, P. J.

WE CONCUR:

_____

Grover, J.

_____

Lie, J.

People v. Dang
H052934